UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAYASEKHAR KOVURI,<br>3414 Blacksmith Street, S.E.,<br>Olympia, WA 98501<br><br>  Plaintiff,<br>v.<br><br>CONDOLEEZZA RICE, Secretary of<br>State of the United States, et al.,<br><br>  Defendants. | ) <br>) <br>) PRE-HEARING BRIEF FOR<br>) PLAINTIFF'S APPLICATION FOR<br>) PRELIMINARY INJUNCTION, OR, IN<br>) THE ALTERNATIVE, FOR<br>) EXPEDITED SUMMARY JUDGMENT<br>) <br>) CASE NUMBER 1:07-cv-02268 (RJL)<br>) <br>) AGENCY CASE NO. A096-242-234<br>) <br>) JUDGE RICHARD J. LEON<br>) <br>) |

PRE-HEARING BRIEF FOR APPLICATION
FOR PRELIMINARY INJUNCTION, OR, IN THE
ALTERNATIVE, FOR EXPEDITED SUMMARY JUDGMENT

COMES NOW, Plaintiff, Jayasekhar Kovuri, through his undersigned counsel, and states as follows:

## I. INTRODUCTION

Plaintiff filed his Application for Preliminary Injunction, or, in the Alternative, for Expedited Summary Judgment ("Application") on December 19, 2007 as a response to the January 2008 Visa Bulletin that was issued by Defendant U.S. Department of State ("DOS").

Plaintiff invoked the jurisdiction of this Honorable Court and requested an expedited hearing on these matters due to the imminent and irreparable harm that he has already suffered and which will be compounded should the DOS deplete all EB-2 India Immigrant Visas that are available as of **January 1, 2008**. It is for this reason that Plaintiff requests a hearing on his Application in January 2008 and that the **DOS be enjoined from depleting all EB-2 India Immigrant Visas** and ordered to reserve one such EB-2 visa specifically for Plaintiff.

## II. PRELIMINARY INJUNCTION

Plaintiff seeks to enjoin the DOS from assigning Plaintiff's immigrant visa number (which is available at this time, but will not be on January 1, 2008) to another immigrant visa applicant. Plaintiff's EB-2 India immigrant visa category ("visa category") allows for the processing of his application for adjustment ("adjustment application") under the DOS' December 2007 Visa Bulletin, but according to the January 2008 Visa Bulletin, this same visa category will retrogress **on January 1, 2008 causing Plaintiff's adjustment application to be withheld from processing for an unknown period of time**. *See*, Plaintiff's Application, Exhibits B and C.

## III. IRREPARABLE LEGAL AND CONSTITUTIONAL HARM

The denial of his Application will cause Plaintiff **irreparable harm** in that he is being denied due process in the processing of his adjustment application (which has already taken more than five (5) years) and which will be **further delayed for an unknown period of time**. This delay has prevented Plaintiff from becoming a lawful permanent resident and accruing the necessary five (5) years of residence necessary for his application for naturalization, thus **disenfranchising him from participation in the U.S. political process**. It is Plaintiff's sworn intention to become a naturalized U.S. citizen and exercise his rights as a citizen as soon as possible. *See*, Plaintiff's Complaint for Writ of Mandamus, Exhibit A.

## IV. JURISDICTION

This Honorable Court has subject matter jurisdiction over Plaintiff's Application under F.R.C.P. 65 and L.Cv.R. 65.1(c) and under the Constitution and laws of the United States, including the Fifth Amendment to the U.S.C., provisions of Titles 8 U.S.C. §1101 (INA), 8 U.S.C. §1571, 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §2201 (Declaratory Judgment Act), 28 U.S.C. §1361 (Mandamus Act), 28 U.S.C. §1651 (All Writs Act) as well as under 5 U.S.C. §555

and 701, et seq. (APA). Relief is requested pursuant to these rules of civil procedure, the U.S. Constitution and these statutes.

Defendants will attempt to rewrite Plaintiff's Complaint for Writ of Mandamus ("Complaint") so as to make it into a claim for the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his I-485 case, in order to argue that this Honorable Court does not have subject matter jurisdiction under INA §242(a)(2)(B)(ii), 8 U.S.C. §1252(a)(2)(B)(ii).

Plaintiff's Complaint **only challenges** the delay in Defendant FBI's completion of his FBI National Name Check Program Clearance ("NNCP"). See, Plaintiff's Complaint, paragraphs 1 and 2. **Plaintiff does not, in any way, seek to compel the USCIS to approve or adjudicate his I-485 application.** See generally, Plaintiff's Complaint.

In his opinion in Liu v. Novak, U.S. District Judge Emmet G. Sullivan noted that there is significant district court authority holding that there is subject matter jurisdiction for judicial review in cases similar to Plaintiff's instant case. See, Liu v. Novak, 509 F.Supp. 2d 1, 4-9 (D.D.C. Aug. 30, 2007) and Plaintiff's Complaint, paragraph 19.

## V. EXHAUSTION OF REMEDIES

There are no administrative remedies available to Plaintiff to redress his grievances and irreparable injuries described herein. As described more fully in his Application and Complaint, Plaintiff has filed two (2) Freedom of Information-Privacy Act ("FOIPA") requests with the FBI and made numerous contacts with the USCIS as well as Congressional and Senatorial offices. See, Complaint, Exhibits F-L.

## VI. LEGAL REMEDY AVAILABLE

A number of U.S. District Courts have decided similar cases and issued a preliminary injunction or decided the merits of an alien plaintiff's Complaint for a Writ of Mandamus, either through denying the defendants' Motion to Dismiss under F.R.C.P. 12(b) or granting the plaintiff's Motion for Summary Judgment under F.R.C.P. 56. See, Order and Judgment, issued by U.S. District Judge Emmet G. Sullivan in Liu v. Novak, 509 F.Supp. 2d at 10-11 (D.D.C. Aug. 30, 2007); See also, Tang v. Chertoff, 2007 U.S. Dist. LEXIS 64022 at *14-19 (E.D. Ky. Aug. 29, 2007) (granting a preliminary injunction and writ of mandamus in another FBI delay case)

## VII. FACTS AT ISSUE

**There are remarkably few facts at issue in this case.** Plaintiff has endeavored to provide all evidence available to him as part of his Complaint and Application. See generally, Plaintiff's Complaint and Application. Plaintiff is unaware of any additional evidence, which is currently available to him, that pertains to his Application or Complaint. Plaintiff has provided all of his evidence to this Honorable Court, and to opposing counsel, at the earliest possible time to expedite the scheduling and conduct of the hearing requested.

The only factual issue raised in Plaintiff's Complaint is whether there is any reason for Defendant FBI's delay in the completion of his NNCP clearance. Plaintiff filed a Freedom of Information-Privacy Act ("FOIPA") request directed to the FBI, to which he received a response dated September 22, 2006. In this FOIPA response, FBI Section Chief David M. Hardy notes that there are "no records responsive to [Plaintiff's] FOIPA request." See, Plaintiff's Complaint, Exhibit F.

4

Based on Plaintiff's sole claim in his Complaint against the FBI, the only source of additional relevant information will be contained, if it exists at all, within the FBI's files. Despite Plaintiff's effort to greatly limit the facts at issue for this hearing[1], it appears that Defendants intend to withhold these material facts from the disposition of this case.

Based on the evidence submitted with Plaintiff's Complaint, less than 1% of all FBI NNCP check clearances are pending for longer than six (6) months. See, Plaintiff's Complaint, USCIS Fact Sheet dated April 25, 2006, at Exhibit D. While some FBI NNCP clearance files may contain sensitive information, there is no indication whatsoever that Plaintiff's file contains such matters. The only evidence of record shows that Defendant FBI responded to Plaintiff's FOIPA request and stated that there were no records relevant to his request. It is up to Defendant FBI to provide evidence to show that the agency's delay is reasonable, if at all, based upon a need to complete **actual investigation** of Plaintiff's background. If there is nothing in Plaintiff's FBI NNCP check file that warrants any investigation, any delay, let alone a five (5) year delay, is *per se* unreasonable under the Administrative Procedures Act ("APA") (5 U.S.C. §551 and §701, et seq.)

## VIII. LEGAL ANALYSIS

In determining whether to grant a request for a preliminary injunction, a court must consider and balance four factors: (1) the likelihood of success on the merits; (2) the likelihood of irreparable injury without the injunction; (3) the likelihood of substantial harm to others if the injunction is issued; and (4) the likelihood that the public interest will be served if the injunction is issued. See, Tang, 2007 U.S. Dist. LEXIS 64022 at *9-10.

Based on the facts as stated above, and upon this Court's prior precedent in

---

[1] Plaintiff prepared and submitted a proposed "Joint Stipulation of Counsel" regarding this case and the FBI's NNCP file, which was rejected by Defendants.

Liu v. Novak, 509 F.Supp. 2d 1, 13, there is a **very strong likelihood** that Plaintiff will prevail on the merits of his claims.

Based on the January 2008 Visa Bulletin, there is a **substantial likelihood that Plaintiff will suffer irreparable and immeasurable harm** as there is no way to estimate how long his I-485 adjustment application (and future naturalization) will be further delayed (beyond the five (5) year delay that he has already suffered). Based on the facts stated above, and the existing processes at the DOS and FBI, there is very little likelihood of harm to others should this preliminary injunction be granted.

Based on the facts stated above, and the USCIS and FBI's statements about the need to complete background checks for all adjustment of status applicants, there is a very strong likelihood that the public interest will be served by the grant of Plaintiff's requested preliminary injunction.

## IX. CONCLUSION

Plaintiff has met the four requirements for the issuance of a preliminary injunction, having demonstrated (1) a very high likelihood for success on the merits of his Complaint for Writ of Mandamus, (2) a substantial likelihood that Plaintiff will suffer irreparable and immeasurable harm should the injunction not be granted, (3) that there is very little likelihood of harm to others should this preliminary injunction be granted and (4) a very strong likelihood that the public interest will be served by the grant of Plaintiff's requested preliminary injunction.

Based on the foregoing, Plaintiff respectively requests that this Honorable Court grant and issue one of the proposed Orders attached to his Application and either enjoin the DOS from releasing at least one (1) immigrant visa number for the EB-2 category for nationals from India and order that this immigrant visa number be reserved for Plaintiff's adjustment application or schedule a hearing on his Application.

_/s/ Aron A. Finkelstein_
Aron A. Finkelstein, Esquire
DC Bar No. MD25590
Murthy Law Firm
10451 Mill Run Circle
Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiff